IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Angelica Bowns, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  12 C 9097 |
| Epstein, Roth & Associates, LLC, a Florida limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Angelica Bowns, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Angelica Bowns ("Bowns"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Citibank.

4. Defendant, Epstein, Roth & Associates ("ERA"), is a Florida limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, ERA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ERA is not authorized to conduct business in Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. However, ERA conducts business in Illinois.

6. Moreover, ERA is not licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. However, ERA acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On May 12, 2012, Ms. Bowns filed a Chapter 7 bankruptcy petition in a matter styled In re: Bowns, N.D. Ill. Bankr. No. 12-19425. Among the debts listed on Schedule F of Ms. Bowns' bankruptcy petition was a debt she allegedly owed originally for a Citibank account, see, excerpt of bankruptcy petition attached as Exhibit C.

8. Accordingly, on May 16, 2012, Defendant ERA was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. Moreover, on September 18, 2012, Ms. Bowns was given a discharge from her debt obligations, including the Citibank/ERA debt, by the bankruptcy court, and on September 20, 2012, notice of the discharge was sent to Defendant ERA by the court. A copy of this Discharge of Debtor is attached as Exhibit E.

10. Nonetheless, on October 15, 2012, Ms. Bowns received a telephone call from a debt collector for Defendant ERA, "Jacob Asana", who demanded payment of the discharged Citibank debt. When Ms. Bowns told the collector that she had filed bankruptcy and was represented by counsel, ERA's debt collector responded that he did not need to talk to her lawyer unless her lawyer was going to be paying the debt, and further stated that Ms. Bowns should give her employer information about the debt because ERA would be "garnishing [her] wages for payment".

11. All of Defendant ERA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Numerous False And Deceptive Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Additionally, § 1692e(5) of the FDCPA prohibits the threat to take any action that cannot be legally taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

15. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the

3

FDCPA. <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

16. Moreover, threatening to garnish wages, where no judgment exists and there is no right to do so, is a further violation of § 1692e of the FDCAPA.

17. Defendant ERA's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-12.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. <u>See</u>, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibits <u>D</u> and <u>E</u>), told Defendant ERS to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant ERA violated § 1692c(c) of the FDCPA.

21. Defendant ERA's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-12.

4

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

.24 Defendant ERA was twice given notice by the bankruptcy court (Exhibits D and E), that Plaintiff was represented by an attorney in connection with this debt. Moreover, Plaintiff Bowns orally told Defendant ERA that she was represented by counsel.

25. By calling Ms. Bowns to demand payment of the Citibank debt, despite repeated notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

26. Defendant ERA's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Angelica Bowns, prays that this Court:

1. Find that Defendant ERA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Bowns, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angelica Bowns, demands trial by jury.

5

6

        Angelica Bowns,

        By:<u>/s/ David J. Philipps</u>
        One of Plaintiff's Attorneys

Dated: November 13, 2012

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com